# United States Bankruptcy Court
## Northern District of Indiana

In re: **Kenneth E. Moles, Jr.**, **Zhanna Moles**, Debtor(s)

Case No.

Chapter **13**

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$824.00** per month for **60** months.

    Total of plan payments: **$49,440.00**

    **Debtors' 401(K) loan, with monthly payments in the amount of $32.65, has a scheduled payoff date of June 29, 2021; accordingly, Debtors' Chapter 13 Plan payment shall be increased by $32,65 per month beginning with the July 2021 Chapter 13 Plan payment.**

    **Debtors shall pay the Chapter 13 Trustee the prorata amount of Debtors' 2016 combined income tax refunds earned but not received prior to the date this case was filed, less earned income credit.**

    **Debtors' combined Income tax refunds received in any calendar year after 2016 that exceed $500.00 shall be turned over to the Trustee for the benefit of the Debtors' creditors.**

2. <u>Plan Length</u>: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. Administrative Expenses
    (1) Trustee's Fee:     **Trustee shall be paid according to applicable statute.**
    (2) Attorney's Fee (unpaid portion):    **NONE**
    (3) Filing Fee (unpaid portion):   **NONE**

    b. Priority Claims under 11 U.S.C. § 507

    **Allowed priority claims shall be paid in full.**

    c. Secured Claims

    (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

    | Name | Description of Collateral | Pre-Confirmation Monthly Payment |
    |---|---|---|
    | -NONE- | | |

    (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

        (a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Interra Credit Union / 2009 Chrysler 300** | **7,000.00** | **150.00** | **5.00%** |

        (b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in as set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Approximate Amount of Allowed Secured Claim | Minimum Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Interra Credit Union / 2013 Dodge Dodge** | **11,599.00** | **200.00** | **5.00%** |

    (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

  d.  Unsecured Claims
    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

**In order to satisfy the Disposable Income Test, general unsecured creditors shall receive a minimum distribution of $15,883.80.**

**In order to satisfy the best interest of creditors test, general unsecured creditors shall receive a minimum distribution equal to the prorata amount of Debtors' 2016 combined income tax refunds earned but not received prior to the date this case was filed, less earned income credit.**

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

6.  The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7.  The employer on whom the Court will be requested to order payment withheld from earnings is:
    **IU Health Goshen Hospital.**

8.  The following executory contracts of the debtor are:

    **Rejected:**

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

    **Assumed:**

| Other Party | Description of Contract or Lease |
|---|---|
| **Aspen Meadows Apartments** | **Residential lease** |

9. Property to Be Surrendered to Secured Creditor

| Name | Approximate Amount of Claim | Description of Property |
|---|---|---|
| **Springleaf Financial Services** | **7,000.00** | **2009 Suzuki Hayabusa 11000 miles**<br>**Location: 1324 Goldstein Drive, Goshen IN 46526** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11. Title to the Debtor's property shall revest in debtor **upon discharge, dismissal or further order of the court.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date _____    Signature _____
    **Kenneth E. Moles, Jr.**
    Debtor

Date _____    Signature _____
    **Zhanna Moles**
    Joint Debtor

## United States Bankruptcy Court
### Northern District of Indiana

In re  **Kenneth E. Moles, Jr.**
**Zhanna Moles**

Debtor(s)

Case No.
Chapter  **13**

## CHAPTER 13 PLAN
(Signature Page)

Date **November 29, 2016**   Signature  _/s/ Kenneth Moles_
**Kenneth E. Moles, Jr.**
Debtor

Date **November 29, 2016**   Signature  _/s/ Zhanna Moles_
**Zhanna Moles**
Joint Debtor